### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:15-cv-04478-CAS(ASx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELZNYAK | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Tim Bekins, Pro Se<br>Tami Donald, Pro Se | Yuval Rogson |

**Proceedings:**     DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

## I.    INTRODUCTION

On October 9, 2015, plaintiffs Tim Bekins, Tami Donald, and Reba Barber-Money (collectively, "plaintiffs"), proceeding *pro se*, filed the operative First Amended Complaint ("FAC") in this action against defendants Dmitry Zheleznyak ("Zheleznyak"), Jeff Becker ("Becker"), and Kristina Bucic (collectively, "defendants"). Dkt. 11. Plaintiffs assert the following claims against defendants: (1) failure to pay earned wages and expenses in violation of the California Labor Code § 204; (2) fraud; (3) deceit; (4) misrepresentation; (5) negligent misrepresentation; (6) breach of fiduciary duty; (7) breach of the covenant of good faith and fair dealing; (8) money had and received; (9) unjust enrichment; (10) unlawful and unfair business practices; and (11) violations of the Fair Labor Standards Act ("FLSA"). Dkt. 11.

In brief, plaintiffs allege that they were employees of a corporation known as Akvinta USA ("Akvinta"), but that they were not paid their salaries or reimbursed for their expenses from the end of 2013 through 2015. Plaintiffs also allege that defendants Zheleznyak and Becker are the alter egos of Akvinta USA. Accordingly, in their complaint, it appears that plaintiffs are attempting to hold Zheleznyak and Becker liable for the conduct of Akvinta USA under an alter ego theory.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-04478-CAS(ASx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELZNYAK | | |

On November 2, 2015, defendants filed a motion to dismiss the FAC on several grounds, including for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for failure to join a necessary party pursuant to Federal Rule of Civil Procedure 19. Dkt. 15. On December 22, 2015, plaintiffs filed an opposition to defendants' motion to dismiss, Dkt. 17, and on December 28, 2015, defendants filed a reply, Dkt. 24. On December 22, 2015, plaintiffs filed a motion for leave to amend their complaint. Dkt. 19. On January 4, 2016, defendants filed an opposition to plaintiffs' motion for leave to amend their complaint. Dkt. 25. Having carefully considered the parties' arguments, the Court finds and concludes as follows.[1]

## II.    BACKGROUND

The FAC alleges the following facts: On March 1, 2012, plaintiffs Tim Bekins ("Bekins") and Tami Donald ("Donald") were hired to work for Akvinta, a vodka company, as sales managers in Southern California. FAC ¶ 11. Bekins and Donald were to be paid $5,000 and $6,000 per month respectively. Id. On June 15, 2013, plaintiff Reba Barber-Money ("Barber-Money") was hired as a sales manager in Northern California. Id. Barber-Money was to be paid $4,500 per month. Id. Donald was eventually promoted to California state manager and given a raise to $7,000. Id. Bekins was also promoted and given a raise to $5,750. Id. During the course of their work, plaintiffs were asked to use their own personal credit cards and cash to pay for company expenses. Id. ¶ 12. Plaintiffs were to be reimbursed for these expenses on a monthly basis. Id.

Plaintiffs allege that as a result of their hard work, and the use of their credit cards and cash to pay for company expenses, Akvinta was able to reap $1,500,000 in revenue between 2013 and 2015. Id. Nonetheless, plaintiffs assert that, beginning in the end of 2013 and continuing through 2015, their salaries and expenses were not paid. Id. Plaintiffs contend that, as of 2015, Bekins is owed $ 102,500 in unpaid salaries and

---

[1] On January 6, 2016, plaintiffs filed a surreply to defendants' motion to dismiss. Plaintiffs did not obtain leave of the Court prior to filing their surreply. Dkt. 26. Accordingly, the Court could strike plaintiffs' improperly filed surreply. However, in light of the fact that plaintiffs are proceeding *pro se*, the Court has reviewed plaintiffs' surreply and determined that it does not materially alter the Court's analysis in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-04478-CAS(ASx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELZNYAK | | |

$5,123 in unpaid expenses, Donald is owed $98,000 in unpaid salaries and $44,351 in unpaid expenses, and Barber-Money is owed $81,000 in unpaid salaries and $6,923 in unpaid expenses.  Id.

Defendant Zheleznyak is a founder and chairman of Akvinta.  Id. ¶ 4.  Defendant Becker is the president of Akvinta.  Id. ¶ 5.  Plaintiffs allege that defendants are the alter egos of Akvinta and that Akvinta is, in reality, a sham corporation.  Id. ¶ 10.  Plaintiffs allege that revenue that was received by Akvinta was transferred to a bank account in Croatia controlled by defendant Zheleznyak.  Id.  Plaintiffs also allege that defendants "flew first class to California, stayed at the most expensive hotels in California, ate at the best restaurants and went to the most exotic clubs" all at Akvinta's expense.  Id. Plaintiffs allege that Zheleznyak at times stated that he was going to capitalize Akvinta by selling some of his other assets in Croatia and that he used money from other business operations and his personal funds to cover Akvinta's basic operating expenses.  Id.  Plaintiffs assert that, unbeknownst to them, at the time of their hiring, Akvinta was severely undercapitalized.  Id.  Based on these and other allegations, plaintiffs allege that there exists a lack of "separateness" between defendants and Akvinta.  Id.  Accordingly, plaintiffs state that "adherence to the fiction of the separate corporate existence of Akvinta" would, under the circumstances of this case, promote injustice and prevent plaintiffs from recovering for their injuries.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(7) permits a Court to dismiss an action for failure to join a party whose presence is needed for just adjudication under Federal Rule of Civil Procedure 19.  "Rule 19 of the Federal Rules of Civil Procedure sets forth considerations to guide a district court's determination whether a particular party should be joined in a suit if possible, referred to as a 'necessary party,' and, if so, whether, if the party cannot be joined, the suit should be dismissed because the absent party is 'indispensable.'"  Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 878 (9th Cir. 2004) (citations omitted).

The Ninth Circuit has held that a party may be "necessary" pursuant to Rule 19 in either of two ways.  Las Vegas Events, 375 F.3d at 879.  First, under Rule 19(a) (1), a party is necessary if complete relief cannot be granted in its absence.  Id.  "In conducting the Rule 19(a)(1) analysis, the court asks whether the absence of the party would preclude

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04478-CAS(ASx) | Date | January 11, 2016 |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELZNYAK | | |

the district court from fashioning meaningful relief as between the parties." Id. Alternatively, a party is necessary pursuant to Rule 19(a)(2), if the district court determines that "the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." Id. at 880. Such a legally cognizable interest must be more than a financial stake in the outcome of the litigation. Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir.1990). Finally, the moving party bears the burden of proving that joinder is necessary. Id. Once the court determines that a party should be joined, the court must determine whether joinder is feasible. Fed. R. Civ. P. 19(a)-(b).

If a necessary party cannot be joined, the court must consider the following factors in deciding whether to dismiss the action because the party is indispensable: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

However, none of the aforementioned factors is dispositive. Instead, in the context of a particular case, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. ENC Corp., 464 F.3d 885, 891 (9th Cir.2006).

## IV.  ANALYSIS

In the FAC, plaintiffs allege that Akvinta is a sham corporation and that, in reality, defendants are the alter egos of Akvinta. In other words, plaintiffs are attempting to set aside the corporate form and hold defendants liable for the conduct of Akvinta. Defendants contend, however, that in order to set aside the corporate form, Akvinta must be joined in this action as a necessary party. Accordingly, defendants move to dismiss the FAC for failure to join a necessary party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-04478-CAS(ASx) | Date | January 11, 2016 |
|----------|------------------------|------|------------------|
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELZNYAK | | |

### A.      Necessary Party

The Rule 19 inquiry begins with an assessment of whether Akvinta constitutes a necessary party in this action.  As stated, the Ninth Circuit has held that a party may be "necessary" pursuant to Rule 19(a) in either of two ways: (1) a party is necessary if complete relief cannot be granted in its absence; or (2) the absent party's participation is necessary to protect its legally cognizable interests or to protect it from a substantial risk of incurring multiple or inconsistent obligations because of those interests."  Las Vegas Events, 375 F.3d at 879-80.  Here, Akvinta qualifies as a necessary party under either of these theories.

First, in the FAC, plaintiffs assert numerous claims against defendants for which they likely cannot be held liable in their individual capacities.  For example, plaintiffs assert claims against defendants for violations of California Labor Code § 204.  However, officers and directors of a corporation cannot generally be considered an "employer" for purposes of a violation of the California Labor Code.  See Martinez v. Combs, 49 Cal. 4th 35, 66 (2010).  Accordingly, without joining Akvinta as a party, plaintiffs may not be able to receive complete relief on their claims.  See also Ramirez v. Manpower, Inc., 2014 WL 116531, at *3 (N.D. Cal. Jan. 10, 2014) ("As Plaintiff's sole employer, MI/CP would be primarily responsible for the alleged labor code violations that implicate an 'employer.'  Without Plaintiff's actual employer being party to this case, the Court's ability to grant complete relief among the existing parties is impeded. The Court consequently finds MI/CP to be an indispensable party pursuant to Federal Rule of Civil Procedure 19(a)(1).") (citing Cal. Labor Code. § 204).

Second, Akvinta's participation in this action is "necessary" to protect its legally cognizable interests.  Here, all of plaintiffs' claims arise out of either the conduct of Akvinta, in failing to pay plaintiffs' wages, or the conduct of defendants, in the course of their positions as directors and officers of Akvinta.  Thus, Akvinta has an obvious "interest relating to the subject of the action," Fed. R. Civ. P. 19(a)(1)(B): namely, Akvinta may be found liable for a host of Labor Code and FLSA violations as well as the allegedly fraudulent conduct of its employees.

Moreover, defendants cannot adequately protect Akvinta's interests in this lawsuit. In Wilson v. Metals USA, Inc., 2012 WL 5932990 (E.D. Cal. Nov. 27, 2012), the court was faced with a nearly identical situation to that presented here.  In that case, plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-04478-CAS(ASx) | Date | January 11, 2016 |
|----------|------------------------|------|------------------|
| Title    | TIM BEKINS, ET AL. V. DMITRY ZHELZNYAK | | |

sought to hold an individual shareholder and officer of a corporation liable under an alter ego theory, but did not join the corporation in the lawsuit. Id. at *1. The court determined that the action could not proceed unless the corporation was joined as a party. Id. at *5. Specifically, the Court noted that the individual shareholder could not adequately protect the corporation's interests, "as he may ignore questions of liability and instead focus his defense on showing that he is not the corporation's alter ego." Id. Further, the Court reasoned that failure to join the corporation would subject it to a "significant risk of incurring double, multiple, or otherwise inconsistent obligations" because the corporation might be found liable in the instant action, as an alter ego, but not liable in a separate action solely against the corporation. Id. These concerns apply equally in this case. Accordingly, under either of the rationales recognized by the Ninth Circuit, Akvinta appears to be a "necessary party" for purposes of Rule 19.

    **B.    Feasibility of Joinder**

        Next, the Court must determine whether joinder of Akvinta is feasible. Joinder is not feasible where it would "destroy subject matter jurisdiction." E.E.O.C. v. Peabody Western Coal Co., 400 F.3d 774, 779 (9th Cir. 2005). Here, subject matter jurisdiction is based on diversity. Plaintiffs are all residents of California, where as defendants are all residents of New York. See FAC ¶¶ 1-5, 8.

        In their opposition, plaintiffs contend that joinder of Akvinta is not feasible because Akvinta has been incorporated in California, and is therefore a citizen of California. Accordingly, joinder of Akvinta would destroy complete diversity amongst the parties and would deprive this court of subject matter jurisdiction. However, it is not clear on the current record that this is, in fact, the case. While plaintiffs claim in their opposition that Akvinta is incorporated in California, they have concurrently filed, with their request for judicial notice, a "Business Entity Detail" from the website of the California Secretary of State. Plaintiffs' RJN, Ex. 6. This document indicates that Akvinta has a designated agent in Los Angeles, California, but that the jurisdiction and address of Akvinta are both located in New York. Id. Moreover, in the FAC, plaintiffs state only that Akvinta "received its charter to operate in California on May 5, 2014." FAC ¶ 12. To the extent Akvinta is only licensed to conduct business in California, and is not incorporated in California, the Court is not persuaded that joining Akvinta as a party would destroy complete diversity in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          '**O**'

| Case No. | 2:15-cv-04478-CAS(ASx) | Date | January 11, 2016 |
|----------|------------------------|------|------------------|
| Title    | TIM BEKINS, ET AL. V. DMITRY ZHELZNYAK | | |

Accordingly, to the extent Akvinta is not a citizen of California, the Court finds that the FAC should be dismissed without prejudice so that plaintiffs may amend their complaint to join Akvinta as a party in this action. However, to the extent that plaintiffs are correct, and joinder is not feasible, the Court will still address whether Akvinta is an "indispensable party." See also Metals USA, Inc., 2012 WL 5932990, at *8 (noting that there was presently insufficient evidence in the record to determine the feasibility of joining corporation, but "having determined that the corporation is a required party," proceeding to determine whether the corporation was an "indispensable party.").

### C.    Indispensable Party

In assessing whether a party is "indispensable," courts look to the following, non-exhaustive list of factors: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b). Here, all of these factors weigh in favor of finding that Akvinta is an indispensable party.

First, as already discussed, Akvinta faces a significant risk of prejudice if this action proceeds without joining it as a party. A finding of liability in this action could result in multiple or inconsistent obligations for Akvinta and defendants cannot adequately protect Akvinta's interests in this action.

Second, it is unclear what measures could be taken to lessen or avoid the potential prejudice to Akvinta. In Metals USA, Inc., the court noted that Wright & Miller's *Federal Practice and Procedure*, § 1608 (3d. ed. 2012) sets forth several approaches taken by other courts to minimize prejudice to an absent party. 2012 WL 5932990, at *8. These procedures included awarding monetary damages in lieu of injunctive or declaratory relief, entering a judgment condition on the plaintiff taking certain actions, or requiring that sufficient funds be set aside to pay other claimants. Id. However, the court determined that "[n]one of these approaches [was] satisfactory in the present matter" because "the effect of a judgment herein on [the absent corporation was] completely unforeseeable" and therefore impossible to mitigate. Id. Similarly, here, the Court cannot anticipate the impact any judgment in this case might have on Akvinta and,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-04478-CAS(ASx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELZNYAK | | |

therefore, cannot fashion appropriate precautions to mitigate the potential prejudice to Akvinta.

Third, a judgment rendered in the absence of Akvinta would not be "adequate." In this context, the Supreme Court has defined "adequate" as satisfying the "social interest in the efficient administration of justice and the avoidance of multiple litigation." Republic of Philippines v. Pimental, 553 U.S. 851, 870 (2008). Thus, in evaluating the third factor, courts consider "the public interest in settling the dispute as a whole." Id. at 870-71. Here, it seems that the true party in interest to this lawsuit is likely plaintiffs' former employer, Akvinta. All of plaintiffs' claims, at base, arise out of their allegations that Akvinta failed to pay their salaries and reimburse them for expenses. Moreover, many of plaintiffs' claims, such as their claims under the California Labor Code, are more appropriately brought against their employer, Akvinta. Thus, in order to resolve this dispute "as a whole," Akvinta must be joined as a party. Failure to join Akvinta will likely prevent plaintiffs from obtaining complete relief on their claims and could cause this litigation to proceed in a piecemeal fashion if plaintiffs later pursued separate litigation against Akvinta.

Finally, assuming that Akvinta is a California resident, and thus this action cannot proceed in federal court with Akvinta as a party, plaintiffs have identified no reason why they could not adequately pursue their claims in California state court. Therefore, there is no reason for the Court to believe that plaintiffs would not have an adequate remedy if this action were dismissed for non-joinder.

Accordingly, for all of these reasons, the Court finds that if Akvinta cannot be joined as a party in this action, this action should be dismissed because Akvinta is an "indispensable party."

## V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS WITHOUT PREJUDICE** defendants' motion to dismiss on the grounds that plaintiffs have failed to join a necessary party pursuant to Federal Rule of Civil Procedure 19. Plaintiffs shall have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-04478-CAS(ASx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELZNYAK | | |

**thirty (30) days** to file an amended complaint addressing the deficiencies identified herein.  Failure to do so may result in dismissal of plaintiffs' case with prejudice.[1]

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1] The Court grants defendants' motion to dismiss without prejudice.  Plaintiffs' motion for leave to amend is therefore DENIED AS MOOT.  However, the Court notes that plaintiffs' proposed Second Amended Complaint also fails to name Akvinta as a party in this case.  Accordingly, it too would likely be subject to dismissal for the reasons stated in this order.