UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-04478-CAS(ASx) | Date | July 14, 2016 |
|---|---|---|---|
| Title | TIM BEKINS V. DMITRY ZHELEZNYAK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present                          Not Present

**Proceedings:**   (IN CHAMBERS) - MOTION TO WITHDRAW AS COUNSEL AND STAY PROCEEDINGS (Dkt. 61, filed June 29, 2016)

On June 29, 2016, Niehaus LLP and The Rogson Firm (collectively, "Withdrawing Counsel"), counsel for defendants Dmitry Zheleznyak ("Zheleznyak") and Akvinta USA, Inc. ("Akvinta"), filed a motion to withdraw as counsel of record in this action. Dkt. 61. On July 5, 2016, plaintiffs filed an opposition to this motion. Dkt. 64.[1]

Withdrawing Counsel contend that their continued representation of Zheleznyak and Akvinta in this matter would result in a violation of the ethical rules of New York and California, by which Niehaus LLP and The Rogson Firm are bound, respectively. Specifically, when this matter began, Withdrawing Counsel represented all of the defendants in this matter—Zheleznyak, Akvinta, and an additional defendant, Jeffrey Becker ("Becker"). On May 4, 2016, Becker filed a request to substitute a new attorney, Edwin Cottone, in place of Withdrawing Counsel. Dkt. 50, 51. The Court granted this request. Dkt. 53, 54. Thereafter, Becker's new counsel filed a cross-claim on his behalf against Zheleznyak and Akvinta. Dkt. 52. Accordingly, there is presently a conflict in this action between Withdrawing Counsel's current clients (Zheleznyak and Akvinta) and their former client (Becker). Under applicable ethical rules, Withdrawing Counsel may not continue to represent Zheleznyak and Akvinta in this matter without the informed written consent of Becker. See Cal. R. Prof. Conduct 3-310(C)(2) ("A member shall not, without the informed written consent of each client: . . . Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict . .

---

[1] The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of July 11, 2016, is vacated, and the matter is hereby taken under submission.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                              'O'

| Case No. | 2:15-cv-04478-CAS(ASx) | Date | July 14, 2016 |
|---|---|---|---|
| Title | TIM BEKINS V. DMITRY ZHELEZNYAK, ET AL. | | |

."); N.Y. R. Prof. Conduct 1.9(a) ("A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."). Withdrawing counsel represents that, despite numerous conversations between the relevant parties, Becker has determined not to provide his informed written consent to Withdrawing Counsel's continued participation in this matter. Accordingly, Withdrawing Counsel requests that the Court permit them to withdraw as counsel.

Upon the Court's review, it appears that it would pose an ethical violation for Withdrawing Counsel to continue representing Zheleznyak and Akvinta in this matter. Accordingly, the Court **GRANTS** Withdrawing Counsel's motion to withdraw as counsel.[2] In addition, pursuant to Withdrawing Counsel's request, the Court finds that a brief stay of these proceedings is appropriate so that defendants Zheleznyak and Akvinta may obtain new counsel. Accordingly, the Court hereby **STAYS** these proceedings for **sixty (60) days**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

---

[2] Plaintiffs object to the instant motion and contend that if the court permits Withdrawing Counsel to withdraw it will result in a delay of, among other things, discovery in this matter. Nonetheless, given that the continued involvement of Withdrawing Counsel in this matter would appear to pose an ethical violation, the Court finds that it must grant Withdrawing Counsel's motion, notwithstanding any potential delay to these proceedings.