UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:15-cv-04478-CAS(ASx) | Date | October 5, 2017 |
|---|---|---|---|
| Title | TIM BEKINS ET AL. v. DMITRY ZHELEZNYAK ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - BENJAMIN TAYLOR'S MOTION TO BE RELIEVED AS COUNSEL FOR DEFENDANTS DMITRY ZHELEZNYAK AND AKVINTA USA, INC. (Dkt. 107, filed September 27, 2017)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of October 16, 2017 is vacated, and the matter is hereby taken under submission.

On June 12, 2015, plaintiffs Tim Bekins, Tami Donald, and Reba Barber-Money, proceeding pro se, initiated this action against defendants Jeff Becker, Dmitry Zheleznyak, Kristina Bucic, and Pavel Ryabov. Dkt. 1. In brief, plaintiffs allege that they were California-based sales representatives of Akvinta USA, Inc. ("Akvinta"), a corporation that sold vodka at wholesale and retail, but that they were not paid their salaries or reimbursed for their expenses from the end of 2013 through 2015. Plaintiffs also allege that defendants Zheleznyak and Becker are the alter egos of Akvinta.

On October 9, 2015, plaintiffs filed a first amended complaint ("FAC") dismissing Pavel Ryabov as a defendant in this action. Dkt. 11. On November 2, 2015, the remaining defendants moved to dismiss this action on the grounds that, among other things, the FAC failed to name a necessary party—Akvinta. Dkt. 15. On January 11, 2016, the Court granted this motion without prejudice and provided plaintiffs with leave to file an amended complaint naming Akvinta as a defendant in this action. Dkt. 29.

On January 14, 2016, plaintiffs filed the operative Second Amended Complaint ("SAC") against defendants Becker, Zheleznyak, and Akvinta (collectively, "defendants"). Dkt. 31. The SAC asserts claims for (1) breach of contract; (2) fraud; (3) deceit; (4) misrepresentation; (5) negligent misrepresentation; (6) breach of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04478-CAS(ASx) | Date | October 5, 2017 |
| Title | TIM BEKINS ET AL. v. DMITRY ZHELEZNYAK ET AL. | | |

covenant of good faith and fair dealing; (7) money had and received; (8) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; and (9) violation of the federal Fair Labor Standards Act ("FLSA"). Id.

On February 1, 2016, defendants filed a motion to dismiss and to strike the SAC. Dkt. 34. On March 21, 2016, the Court granted in part and denied in part defendants' motion to strike and motion to dismiss. Dkt. 44. On May 4, 2016, Becker filed an amended answer to plaintiffs' SAC. Dkt. 56. In his answer, Becker asserts cross-claims against Zheleznyak and Akvinta. Id. at 18–23.

On October 21, 2016, Benjamin Taylor ("counsel") filed a notice of appearance and was added as counsel of record for defendants Zheleznyak and Akvinta. Dkt. 70.

On September 27, 2017, counsel filed the instant motion requesting to withdraw from representing defendants Dmitry Zheleznyak and Akvinta. Dkt. 107 ("Motion"). Counsel asserts that there has been a breakdown of the attorney-client relationship. Motion at 2. Specifically, according to counsel, defendants have failed to communicate with counsel, have failed to respond to counsel's effort to communicate, have been unwilling to follow advice of counsel, and have been unwilling to pay for the services of counsel. Id. Counsel effectuated service of this motion by email to the clients' last known e-mail address, which counsel asserts is the only possible method of service under the circumstances. Id.

Upon consideration of the motion, the Court finds good cause to permit counsel to withdraw. California's Rules of Professional Conduct permit withdrawal if the client's "conduct renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Cal. Rule of Prof. Conduct 3-700(C)(1)(d). In addition, while the "[f]ailure of the client to pay agreed compensation is not necessarily sufficient to establish good cause," C.D. Cal. L.R. 83-2.3.2, "[c]ourts have also held that the failure to pay attorney's fees may be grounds for withdrawal," Canandaigua Wine Co. v. Edwin Moldauer, No. 1:02-cv-06599-OWW-DLB, 2009 WL 89141, at *2 (E.D. Cal. Jan. 14, 2009) (collecting cases); see also Moss Landing Commercial Park LLC v. Kaiser Aluminum Corp., No. 07-cv-06072-RMW, 2009 WL 764873, at *1 (N.D. Cal. Mar. 19, 2009) ("The court applies California's Rules of Professional Conduct to determine whether withdrawal is proper. Pursuant to such rules, an attorney may seek to withdraw if the client 'breaches an agreement or obligation to the member as to expenses or fees.'" (quoting Cal. Rule of Prof. Conduct 3-700(C)(1)(f)) (citations omitted)). Accordingly, in light of defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-04478-CAS(ASx) | Date | October 5, 2017 |
|---|---|---|---|
| Title | TIM BEKINS ET AL. v. DMITRY ZHELEZNYAK ET AL. | | |

failure to communicate, unwillingness to follow counsel's advice, and unwillingness to pay for counsel's services, the instant motion is **GRANTED**. The Court hereby relieves Benjamin Taylor as counsel for defendants.

    Zheleznyak may "appear pro se or appoint another attorney by a written substitution[.]" C.D. Cal. L.R. 83-2.3.3. However, Akvinta is a corporate entity and therefore may not appear pro se. C.D. Cal. L.R. 83-2.2.2. Counsel shall serve a copy of this minute order on both Zheleznyak and Akvinta forthwith, notifying Akvinta of its obligation to obtain counsel within **thirty (30)** days of the date of this order. C.D. Cal. L.R. 83-2.3.4. Counsel shall advise Akvinta that its failure to retain new counsel or otherwise respond within thirty (30) days may result in the imposition of sanctions or the entry of default. Counsel shall attach a copy of this order to the letter, and shall otherwise comply with all applicable rules of professional responsibility.

    IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |