| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | 'O' | JS-6 |
| Case No. | 2:15-cv-04478-CAS(ASx) | Date | March 5, 2018 |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Tim Bekins, Pro Se | Not Present | |
| Tami Donald, Pro Se | | |

**Proceedings:** PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DMITRY ZHELEZNYAK AND AKVINTA USA, INC. (Dkt. 133, filed January 30, 2018)

## I. INTRODUCTION & BACKGROUND

On June 12, 2015, plaintiffs Tim Bekins ("Bekins"), Tami Donald ("Donald") and Reba Barber-Money ("Barber"), proceeding *pro se*, initiated this action against defendants Dmitry Zheleznyak ("Zheleznyak"), Jeff Becker ("Becker"), Kristina Bucic ("Bucic"), and Pavel Ryabov ("Ryabov"). Dkt. 1. In brief, plaintiffs allege that they were California-based sales representatives of Akvinta USA, Inc. ("Akvinta"), a vodka distributor, but were not paid their salaries or reimbursed for their expenses between November 2013 and May 2015. Plaintiffs also allege that Zheleznyak and Becker are the alter egos of Akvinta.

On October 9, 2015, plaintiffs filed a First Amended Complaint ("FAC") dismissing Ryabov as a defendant. Dkt. 11. On November 2, 2015, the remaining defendants moved to dismiss on several grounds, including that the FAC failed to name a necessary party, Akvinta. Dkt. 15. On January 11, 2016 the Court granted the motion but allowed plaintiffs leave to amend. Dkt. 29. On January 14, 2016 plaintiffs filed the operative Second Amended Complaint ("SAC") against Zheleznyak, Becker, and Akvinta. Dkt. 31. The SAC asserts claims for (1) breach of contract; (2) fraud; (3) deceit; (4) misrepresentation; (5) negligent misrepresentation; (6) breach of the implied covenant of good faith and fair dealing; (7) money had and received; (8) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.; and (9) violation of the federal Fair Labor Standards Act ("FLSA"). Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04478-CAS(ASx) | Date | March 5, 2018 |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | |

On February 1, 2016, defendants filed a motion to dismiss plaintiffs' claims and to strike the SAC's alter ego allegations pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 34. On March 21, 2016, the Court granted the motion in part and denied it in part. Dkt. 44. Relevant here, the Court denied defendants' motion to strike the alter ego allegations, finding that plaintiffs sufficiently alleged facts demonstrating (1) a unity of interest between Zheleznyak, Becker and Akvinta; (2) that piercing the corporate veil is necessary to avoid an inequitable result. Id. at 5–8. In addition, the Court denied defendants' motion to dismiss the breach of contract claim, finding that plaintiffs sufficiently pleaded they had an oral agreement with Akvinta to serve as sales representatives in California. Id. at 8–9. Finally, the Court denied the motion to dismiss plaintiffs' fraud-based claims, finding that the SAC alleged sufficient facts to satisfy Rule 9(b)'s heightened pleading standing. Id. at 15. On May 4, 2016, Becker filed an amended answer and asserted cross-claims against Zheleznyak and Akvinta. Dkt. 56.

On September 27, 2017, counsel for Zheleznyak and Akvinta filed a motion requesting to withdraw from the representation. Dkt. 107. On October 5, 2017, the Court granted the motion and ordered Akvinta to retain new counsel. Dkt. 109. On December 11, 2017, the Court held a status conference but no appearance was made by Zheleznyak or Akvinta nor on their behalf. The Court ordered Zheleznyak to show cause why his answer should not be stricken and default be entered against him for not appearing at a court-ordered hearing. The Court also ordered Akvinta to show cause why its answer and counterclaim should not be stricken and default be entered against it for not retaining new counsel nor having counsel appear the hearing. Dkt. 123. Zheleznyak and Akvinta failed to respond to the Court's order to show cause.

On January 16, 2018, the Court struck Zheleznyak's answer and Akvinta's answer and counterclaim, entered default against both defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and directed plaintiffs to file an application for entry of default judgment against Zheleznyak and Akvinta. Dkt. 129. On January 22, 2018, the Court held a pretrial conference at which counsel for plaintiffs and Becker informed the Court that they had reached a settlement. Dkt. 132. On January 30, 2018, plaintiffs Bekins and Donald filed the instant motion requesting the entry of default judgment against Zheleznyak and Akvinta. Dkt. 133 ("Mot."). Having carefully considered plaintiffs' motion and supporting declarations, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04478-CAS(ASx) | Date | March 5, 2018 |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | |

### III. LEGAL STANDARD

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55. As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether defendant's default was the product of excusable neglect, and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

### III. DISCUSSION

Plaintiffs Bekins and Donald move for default judgment on their breach of contract and fraud-based claims against Zheleznyak and Akvinta. Plaintiffs have complied with the procedural requirements of Rules 54(c) and 55(a) of the Federal Rules of Civil Procedure as well as Local Rule 55–1.

#### B. Application of the Eitel Factors

##### 1. Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Courts have concluded that a plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
| Case No. | 2:15-cv-04478-CAS(ASx) | Date | March 5, 2018 | |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | | |

499 (C.D. Cal. 2003). Because Zheleznyak and Akvinta have failed to defend this action, plaintiffs would be without other recourse for recovery unless default judgment is entered. See PepsiCo, 238 F. Supp. 2d at 1177. Accordingly, the first Eitel factor weighs in favor of entering default judgment.

### 2. Substantive Merits and Sufficiency of the Claims

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merits of the movant's claims and the sufficiency of his or her pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). Here, Court has already determined that plaintiffs sufficiently alleged their breach of contract and fraud-based claims when it denied defendants' Rule 12(b)(6) motion to dismiss those claims on March 21, 2016. See Dkt. 44. The Court also found that plaintiffs sufficiently alleged alter ego liability. Id. The Court incorporates its prior reasoning and findings herein. Accordingly, the second and third Eitel factors weigh in favor of entering default judgment.

### 3. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM, 2015 WL 4545360, *6 (C.D. Cal. May 27, 2015); see also Walter v. Statewide Concrete Barrier, Inc., No. 04-cv-02559-JSW, 006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2016) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

In addition, when default is entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Here, plaintiffs have submitted declarations in support of their default judgment motion. Bekins seeks a total of $107,623 in damages for unpaid salary and expenses. Dkt. 135, Declaration of Tim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | **CIVIL MINUTES – GENERAL** | | **'O'** | **JS-6** |
| Case No. | 2:15-cv-04478-CAS(ASx) | | Date | March 5, 2018 | | | |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | | | | | |

Bekins ("Bekins Decl.").[1] Donald seeks a total of $142,351 in damages for unpaid salary and expenses. Dkt. 134, Declaration of Tami Donald. The Court finds that these declarations are sufficient to establish that Zheleznyak and Akvinta are liable to Bekins and Donald for amounts claimed. Moreover, the Court finds that the sum of money at issue is reasonable in relation to defendants' failure to pay plaintiffs their salaries and reimburse their expenses between November 2013 and May 2015. Accordingly, this factor weighs in favor of entering default judgment.

### 4. Possibility of Dispute

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. As previously noted, plaintiffs have sufficiently alleged their breach of contract and fraud-based claims in addition to alter ego liability. Therefore, a dispute concerning material facts is unlikely, and this factor weighs in favor of entering default judgment.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendants' default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel,782 F.2d at 1471–72. Here, there is no indication that default was entered due to defendants' excusable neglect. Both Zheleznyak and Akvinta failed to show cause why default should not be entered against them. Accordingly, this factor weighs in favor of entering default judgment.

### 6. Policy in Favor of Decisions on the Merits

Pursuant to the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. While " 'this preference, standing alone, is not dispositive,' " PepsiCo, 238 F. Supp. 2d at 1177, "[c]ases should be decided upon their merits whenever reasonably possible," Eitel, 782 F.2d at 1472. Thus, the seventh Eitel factor weighs against entry of default judgment.

---

[1] The declaration submitted by Bekins miscalculates his total damages by $1,000. Consistent with the allegations in the SAC, Bekins states that he is owed $102,500 in unpaid salary and $5,123 in unreimbursed expenses, which totals $107,623. However, the declaration states that the total is $106,623. Bekins Decl. ¶ 15. Because this appears to be a simple miscalculation, the Court will award $107,623.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-04478-CAS(ASx) | Date | March 5, 2018 |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | |

### 7. Conclusion Regarding the Eitel Factors

Apart from the policy favoring decisions on the merits, all of the remaining Eitel factors weigh in favor of default judgment, including the merits of plaintiffs' claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted).  Therefore, weighing all of the Eitel factors, the Court finds that entry of default judgment is appropriate.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiffs Bekins and Donald's motion for default judgment with respect to their claims for (1) breach of contract, (2) fraud, (3) deceit, (4) misrepresentation, and (5) negligent misrepresentation against defendants Zheleznyak and Akvinta.  The Court DENIES plaintiff's motion for default judgment with respect to plaintiffs' remaining claims.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment be entered in favor of plaintiffs Bekins and Donald.  Defendants Zheleznyak and Akvinta shall be jointly and severally liable to plaintiff Bekins in the amount of $107,623 and to plaintiff Donald in the amount of $142,351. Plaintiffs shall submit a proposed judgment in accordance with this Order.

IT IS FURTHER ORDERED that this Court retains jurisdiction over any matter pertaining to this judgment.  Plaintiff shall submit to the Clerk of Court a request identifying the taxable costs it has incurred.  See C.D. Cal. L.R. 54-2.1.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |