# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:15-cv-04478-CAS (ASx) | Date | July 6, 2018 |
|---|---|---|---|
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) - CROSS-CLAIMANT JEFF BECKER'S MOTION FOR DEFAULT JUDGMENT AGAINST CROSS-DEFENDANTS DMITRY ZHELEZNYAK AND AKVINTA USA, INC. (Dkt. 137, filed April 18, 2018)

## I. INTRODUCTION

Plaintiffs Tim Bekins ("Bekins") and Tami Donald ("Donald"), proceeding *pro se*, brought this diversity action on June 12, 2015, alleging that defendants Dmitry Zheleznyak ("Zheleznyak"), Jeff Becker ("Becker"), and Akvinta USA, Inc. ("Akvinta") failed to pay them for work that they had performed as sales representatives for Akvinta, a vodka distributor. Dkts. 1, 11.[1] On January 14, 2016, plaintiffs filed the operative second amended complaint asserting breach of contract, fraud, and related claims. Dkt. 31 ("SAC"). In particular, plaintiffs allege that from November 2013 through May 2015, they were not paid their salaries nor reimbursed for business expenses incurred on behalf of Akvinta. Id.

On May 9, 2016, Becker filed his answer to the SAC and alleged cross-claims against Zheleznyak and Akvinta for (1) breach of contract, (2) quantum meruit / unjust enrichment and (3) equitable indemnity. Dkt. 56 ("Cross-Compl."). Becker similarly alleges that he was not paid compensation nor reimbursed for business expenses incurred between October 2013 and March 2017. Id. On December 9, 2016, the Court granted Becker leave to file a counterclaim against Donald for intentional interference with

---

[1] Plaintiffs voluntarily dismissed defendants Kristina Bucic and Pavel Ryabov. See dkts. 11, 31. A third plaintiff, Reba Barber-Money, has settled and is no longer a party to these proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-04478-CAS (ASx) | Date | July 6, 2018 |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | |

contractual relations and both intentional and negligent interference with prospective economic advantage. Dkt. 77.

On October 5, 2017, the Court granted a motion by then-counsel for Zheleznyak and Akvinta to withdraw from the representation. Dkt. 109. The Court ordered Akvinta to retain new counsel because, as a corporation, it cannot appear *pro se* pursuant to Local Rule 83–2.2.2. Id. On December 11, 2017, the Court held a status conference but neither Zheleznyak nor Akvinta appeared. The Court accordingly issued an order to show cause why their responsive pleadings should not be stricken due to their failure to appear at a court-ordered hearing and Akvinta's failure to retain counsel. Dkt. 123. Zheleznyak and Akvinta failed to respond to the Court's order to show cause. On January 16, 2018, the Court accordingly struck all responsive pleadings by Zheleznyak and Akvinta, and default was entered against both pursuant to Rule 55(a) of Federal Rules of Civil Procedure. Dkt. 129.

On January 30, 2018, plaintiffs filed a motion for default judgment against Zheleznyak and Akvinta. Dkt. 133. On March 5, 2018, the Court granted the motion with respect to plaintiff's breach of contract and fraud-based claims—awarding $107,623 in damages to Bekins and $142,351 to Donald. Dkt. 136.

On April 18, 2018, Becker filed the instant motion for default judgment on his cross-claims for breach of contract and quantum meruit / unjust enrichment against Zheleznyak and Akvinta. Dkt. 137 ("Mot."). The Court held a hearing on May 18, 2018 and directed counsel for Becker to prepare a supplemental brief, which he filed on May 23, 2018. Dkt. 140 ("Supp. Brf."). Having carefully considered Becker's motion, supplemental brief, and supporting declarations, the Court finds and concludes as follows.

## II. BACKGROUND

Becker's cross-complaint alleges the following facts.

In 2009, Becker, an individual residing and doing business in New York, was retained as an independent consultant by Akvinta. Cross-Compl. ¶¶ 2, 8. Akvinta is a corporation organized and existing under the laws of the state of New York. Id. ¶ 4. Zheleznyak was also an individual residing and doing business in New York at all times relevant to this action. Id. ¶ 3. Becker alleges that Zheleznyak is the alter ego of Akvinta because, among other things, Zheleznyak had sole authority over the corporate assets of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04478-CAS (ASx) | Date | July 6, 2018 |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | |

Akvinta, including but not limited to exercising complete control over all payments made from Akvinta's funds. Id. ¶ 5. Becker further alleges that Akvinta was inadequately capitalized to fully satisfy its financial obligations, failed to observe corporate formalities, and was utilized by Zheleznyak to conduct his own personal business and/or for his own personal benefit. Id. ¶ 6.

Becker worked as an independent consultant for Akvinta until approximately May 2012, at which time he was made an employee. Id. ¶ 8. This employment relationship ended in September 2013 when Akvinta ceased all payments of compensation to Becker. Id. Becker subsequently returned to work for Akvinta as an independent consultant. Id. In early 2014, Akvinta and Zheleznyak, in his individual capacity, entered into an oral agreement with Becker pursuant to which Akvinta and Zheleznyak reaffirmed and agreed that they would pay all past and future amounts owed to Becker if he continued to provide consulting services to them. Id. ¶ 9. As part of this agreement, Zheleznyak specifically agreed, along with Akvinta, to personally guarantee that Becker would be fully paid if he agreed to continue to help Zheleznyak and Akvinta on a consulting basis. Id. Pursuant to the parties' oral agreement, Akvinta and Zheleznyak agreed to pay compensation to Becker at a rate of $5,782.33 per month. Id. ¶ 10. In addition, Akvinta and Zheleznyak agreed to fully reimburse Becker for all business expenses that he incurred on their behalf. Id.

In accordance with the parties' oral agreement, Becker duly provided consulting services to Akvinta and Zheleznyak and sent them monthly consulting invoices through December 2014. Id. ¶ 12. However, Akvinta and Zheleznyak neither paid Becker for his work nor reimbursed him for his business expenses. Id. ¶ 13. Despite Becker's repeated demands, Akvinta and Zheleznyak have failed to pay or reimburse him. Id. ¶ 14. The cross-complaint indicates Becker estimates that over $400,000 is owed to him. Id. Becker seeks damages, restitution, interest, costs and attorneys' fees. Id. at 23.

## III.  LEGAL STANDARD

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55. As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge Beverly Reid O'Connell & Judge Karen L. Stevenson, California Practice Guide: Federal Civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04478-CAS (ASx) | Date | July 6, 2018 |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | |

Procedure Before Trial ¶ 6:11 (The Rutter Group 2017) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether defendant's default was the product of excusable neglect, and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

## III. DISCUSSION

Cross-claimant Becker moves for default judgment on his breach of contract and quantum meruit / unjust enrichment claims against Zheleznyak and Akvinta, jointly and severally, in the total sum of $698,654.67, which is comprised of damages, prejudgment interest, and attorneys' fees. Becker has complied with the procedural requirements of Rules 54(c) and 55(a) of the Federal Rules of Civil Procedure as well as Local Rule 55–1. See dkt. 137-1, Declaration of Edwin R. Cottone ¶ 4; dkt. 137-2, Declaration of Jeff Becker ("Becker Decl.") ¶¶ 2–3.

### A. Application of the Eitel Factors

#### 1. Possibility of Prejudice to Cross-Claimant

The first Eitel factor considers whether a plaintiff—or, in this case, a cross-claimant—will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Courts have concluded that a plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. Pepsi, 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003). Because Zheleznyak and Akvinta have failed to defend this action, Becker would be without other recourse for recovery unless default judgment is entered. See PepsiCo, 238 F. Supp. 2d at 1177. Accordingly, the first Eitel factor weighs in favor of entering default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04478-CAS (ASx) | Date | July 6, 2018 |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | |

## 2. Substantive Merits and Sufficiency of the Claims

The second and third Eitel factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together. PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

### b. Breach of Contract

As a preliminary matter, the Court must determine whether Becker's breach of contract claim is timely. Becker argues that New York's six-year statute of limitations for breach of contract applies rather than California's two-year statute. Mot. at 7 n.4. However, Becker did not conduct a proper choice-of-law analysis in support of this argument. At the hearing, the Court directed counsel to submit supplemental briefing on this issue. In response, Becker filed a declaration indicating that his claim is timely even under California's two-year statute of limitations. In particular, Becker states that he entered into the oral contract with Zheleznyak and Akvinta in May or June 2014. Dkt. 140-1, Supplemental Declaration of Jeff Becker ("Supp. Becker Decl.") ¶¶ 3–6. Based on their agreement, the first payment to be made by Zheleznyak and Akvinta, including prior outstanding amounts owed to Becker, would have been due on June 30, 2014 at the earliest; however, Zheleznyak and Akvinta never made any payments. Id. ¶¶ 8–9. Accordingly, the first breach occurred and thus the claim accrued on June 30, 2014, which is less than two years prior to the filing of the cross-complaint on May 9, 2016. Becker's claim is therefore timely.

The elements of a breach of contract claim under California law are "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011). Here, Becker alleges facts sufficient to state a claim for breach of contract. First, Akvinta and Zheleznyak (in his individual capacity) orally agreed to pay Becker for consulting services that he provided to them, as well as to reimburse him for business expenses that he incurred on their behalf. Cross-Compl. ¶ 9. Second, pursuant to the oral agreement, Becker provided consulting services and thus performed his contractual obligations. Id. ¶ 12. Third, Akvinta and Zheleznyak neither

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04478-CAS (ASx) | Date | July 6, 2018 |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | |

paid Becker for his work nor reimbursed him for his business expenses as promised. Id. ¶ 13. Finally, Becker suffered approximately $400,000 in damages based on Akvinta and Zheleznyak's failure to compensate or reimburse him for business expenses. Id. ¶ 14. Accordingly, the cross-complaint states a claim for breach of contract.

### c. Unjust Enrichment / Restitution

Unjust enrichment is not a claim for relief per se, but a "general principle underlying various legal doctrines and remedies" that is synonymous with restitution. Rosal v. First Fed. Bank of Cal., 671 F.Supp.2d 1111, 1133 (N.D. Cal. 2009) (citing Melchior v. New Line Prods., Inc., 106 Cal. App. 4th 779, 793 (2003)). A court may award restitution under an unjust enrichment theory in two scenarios: (1) the parties' contract was procured by fraud or is otherwise unenforceable for some reason or (2) the defendant extracted a benefit from plaintiff by fraud, duress, conversion, or similar conduct. McBride v. Boughton, 123 Cal. App. 4th 379, 388 (2004). In such cases, courts imply a "quasi-contract" to avoid unjust enrichment. Id. Here, because the Court has already determined Becker sufficiently alleges that his oral contract with Akvinta and Zheleznyak was a binding and enforceable agreement, Becker cannot maintain a separate claim for unjust enrichment and restitution. See Rosal, 671 F.Supp.2d at 1113 ("a claim for restitution is inconsistent and incompatible with a related claim for breach of contract"); see also Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996) (under California law, "unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties.").

### d. Alter Ego Allegations

"California recognizes alter ego liability where two conditions are met: First, where 'there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased;' and, second, where 'adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice.' " In re Schwarzkopf, 626 F.3d 1032, 1038 (9th Cir. 2010) (quoting Wood v. Elling Corp., 20 Cal. 3d 353, 364 n.9 (1977)); see also Mesler v. Bragg Mgmt. Co., 39 Cal. 3d 290, 300 (1985). Both factors must be met to establish alter ego liability. Id. at 300.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-04478-CAS (ASx) | Date | July 6, 2018 |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | |

"Whether a party is liable under an alter ego theory is a question of fact" that depends on the "circumstances of each particular case." Leek v. Cooper, 194 Cal. App. 4th 399, 418 (2011). However, factors courts have found relevant to the unity of interest analysis include: (1) the commingling of assets; (2) the treatment by an individual of corporate assets as his own; (3) the failure to obtain authority to issue stock; (4) the holding out by an individual that he is personally liable for the corporation's debts; (5) the failure to maintain minutes or adequate corporate records, or the confusion of the records of separate entities; (6) an identity of equitable owners, directors, or officers of multiple entities; (7) the sole ownership of all stock by one individual or the members of a family; (8) the use of the same office or business location for multiple entities; (9) the employment of the same employees or attorneys; (10) undercapitalization; (11) the disregard of legal formalities; (12) the use of a corporation as a mere shell or conduit for a single venture or the business of an individual or other entity; and (13) the contracting with another with intent to avoid performance by use of a corporate entity to shield against personal liability. Assoc. Vendors, Inc. v. Oakland Meat Co., 210 Cal. App. 2d 825, 838–40 (1962) (collecting cases). Courts have found "inadequate capitalization, commingling of assets, [and] disregard of corporate formalities" to be especially "critical." Tomaselli v. Transamerica Ins. Co., 25 Cal. App. 4th 1269, 1285 (1994).

In denying defendants' motion to dismiss the SAC, the Court previously determined that plaintiffs sufficiently alleged Zheleznyak is the alter ego of Akvinta. Dkt. 44 at 5–8. The Court in adjudicating Bekins and Donald's motion for default judgment also concluded that they sufficiently alleged alter ego liability. Dkt. 136 at 4. Becker included substantively similar allegations in his cross-complaint, including that Akvinta "was inadequately capitalized to fully satisfy its financial obligations, failed to observe corporate formalities, was utilized by Zheleznyak to conduct his own personal business, and/or was otherwise used for his own personal benefit." Cross-Compl. ¶ 6. In addition, Zheleznyak allegedly commingled assets with Akvinta, including "using assets of Akvinta for his own personal benefit" such as paying rent for his apartment with corporate funds. Id. ¶ 7. Taken together, the Court finds that these allegations are sufficient to support a claim for setting aside Akvinta's corporate form.

Accordingly, the second and third Eitel factors weigh in favor of entering default judgment on Becker's breach of contract claim against both Akvinta and Zheleznyak.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-04478-CAS (ASx) | Date | July 6, 2018 |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | |

### 3. Sum of Money at Stake in the Action

Pursuant to the fourth <u>Eitel</u> factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." <u>PepsiCo</u>, 238 F. Supp. 2d at 1176; <u>see</u> <u>Eitel</u>, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." <u>United States v. Broaster Kitchen, Inc.</u>, No. 2:14-cv-09421-MMM, 2015 WL 4545360, *6 (C.D. Cal. May 27, 2015); <u>see also</u> <u>Walter v. Statewide Concrete Barrier, Inc.</u>, No. 04-cv-02559-JSW, 006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2016) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted."). Here, Becker seeks a total of $698,654.67, which is comprised of damages for unpaid compensation and unreimbursed business expenses, prejudgment interest, and attorneys' fees.[2] Mot. at 1  Although this is a substantial amount of damages, the Court finds that it is reasonably proportionate to the alleged harm caused by Akvinta and Zheleznyak's failure to pay or reimburse Becker for costs he incurred on behalf of the company. Accordingly, this factor weighs in favor of entering default judgment.

### 4. Possibility of Dispute

The fifth <u>Eitel</u> factor considers the possibility that material facts are disputed. <u>PepsiCo</u>, 238 F. Supp. 2d at 1177; <u>see also</u> <u>Eitel</u>, 782 F.2d at 1471–72. As previously noted, Becker has sufficiently alleged his breach of contract claim in addition to alter ego liability. Therefore, a dispute concerning material facts is unlikely, and this factor weighs in favor of entering default judgment.

### 5. Possibility of Excusable Neglect

The sixth <u>Eitel</u> factor considers whether defendants' default may have been the product of excusable neglect. <u>PepsiCo</u>, 238 F. Supp. 2d at 1177; <u>see also</u> <u>Eitel,</u> 782 F.2d at 1471–72. Here, there is no indication that default was entered due to excusable neglect. Both Akvinta and Zheleznyak failed to show cause why default should not be entered against them. Becker has also served Akvinta and Zheleznyak with notice of the

---

[2] Becker originally sought default judgment in the amount of $700,694.37, but adjusted this figure based on a revised prejudgment interest calculation. <u>See</u> Supp. Brf. at 5–7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-04478-CAS (ASx) | Date | July 6, 2018 |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | |

instant motion and the amount of damages requested as required by Local Rule 55–2. Cottone Decl. ¶ 4. Accordingly, this factor weighs in favor of entering default judgment.

### 6. Policy in Favor of Decisions on the Merits

Pursuant to the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. While " 'this preference, standing alone, is not dispositive,' " PepsiCo, 238 F. Supp. 2d at 1177, "[c]ases should be decided upon their merits whenever reasonably possible," Eitel, 782 F.2d at 1472. Thus, the seventh Eitel factor weighs against entry of default judgment.

### 7. Conclusion Regarding the Eitel Factors

Apart from the policy favoring decisions on the merits, all of the remaining Eitel factors weigh in favor of default judgment, including the merits of plaintiffs' claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors.") (citation omitted). Therefore, weighing all of the Eitel factors, the Court finds that entry of default judgment is appropriate.

### B. Damages and Other Relief Sought by Becker

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (internal quotation marks omitted). Accordingly, a plaintiff has the burden of "proving up" his or her damages or the need for other requested relief. See Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc., 389 F.Supp.2d 1222, 1226 (N.D. Cal. 2005) ("Plaintiff has the burden of proving damages through testimony or written affidavit."). Becker has submitted a declaration including a chart outlining his total monthly unpaid compensation and unreimbursed business expenses between October 2013 and March 2017, which totals $459,584.11 in damages. See Becker Decl. ¶ 11. Becker states that Zheleznyak also orally agreed to pay for any attorneys' fees incurred in connection with this lawsuit and that $93,875.75 remains unpaid. Id. ¶¶ 12, 14. The Court finds this declaration sufficient to establish that Zheleznyak and Akvinta are liable for the amount in damages and attorneys' fees claimed by Becker. In addition, Becker requests $145,194.82 in prejudgment interest at 9% per annum pursuant to New York law. Again, however, Becker does not perform a suitable choice-of-law analysis to support the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-04478-CAS (ASx) | Date | July 6, 2018 |
| Title | TIM BEKINS, ET AL. V. DMITRY ZHELEZNYAK, ET AL. | | |

application of New York law. Accordingly, Becker is directed to submit a revised prejudgment interest calculation in accordance with California Civil Code § 3289(b).

## V.  CONCLUSION

In accordance with the foregoing, the Court **GRANT**S Cross-Claimant Becker's motion for default judgment. Becker is directed to submit a proposed judgment consistent with this Order.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |